*124 Brown, A.C.J.
(concurring in result)
¶28 — Regarding procedural unconscionability, I agree Stephen Mayne lacked a meaningful choice when considering the 2013 arbitration agreement; however, I disagree with the majority’s rationale. Except for moving to Washington to better position himself for promotion (a disputed fact), Mr. Mayne’s situation as an at-will employee in 2013 is little different from when he signed the 2011 arbitration agreement. My focus is the lack of explanation of employee rights given up under Washington law that allow an employee, but not the employer, to recover attorney fees in employee termination wage-dispute cases. No explanation of arbitration costs was given. Not only is arbitration fee splitting included in the 2013 agreement, but attorney fees can be awarded to Monaco Enterprises. Thus, Mr. Mayne lacked knowledge to make an intelligent decision. Therefore, without knowledge of costs and what Mr. Mayne was giving up, he lacked a meaningful choice. Accordingly, I concur in the result.
¶29 Regarding substantive unconscionability, this record is unfortunately silent about the trial court’s reasoning in ordering arbitration. Mr. Mayne made his record of financial hardship and high up-front arbitration costs. In my view, Monaco failed to sufficiently respond and did not offer to assume arbitration costs or give up its right to collect attorney fees from Mr. Mayne. Under Zuver v. Airtouch Communications, Inc., 153 Wn. 2d 293, 103 P.3d 753 (2004), Adler v. Fred Lind Manor, 153 Wn. 2d 331, 103 P.3d 773 (2004), and Mendez v. Palm Harbor Homes, Inc., 111 Wn. App. 446, 465-70, 45 P.3d 594 (2002) (adopted by Zuver), the trial court failed to make a record on its exercise of discretion, if any. If not exercised, an abuse of discretion exists. I would remand or dissent, but do not because my substantive unconscionability concerns are not present under the 2011 agreement.